**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| ADRIAN DARCY SHAW, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:21-cv-191-CDP |
| ) | |
| MARISSA ULMAN, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before me upon review of a motion for leave to proceed *in forma pauperis* and a civil complaint filed by plaintiff Adrian Darcy Shaw, a prisoner. For the reasons explained below, plaintiff's motion will be denied as moot, and this case will be dismissed pursuant to 28 U.S.C. § 1915A. Plaintiff's motion to appoint counsel will also be denied as moot.

### Background

Plaintiff is a prisoner who, while incarcerated, has filed three civil actions *pro se* and *in forma pauperis* that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See Shaw v. Johnson, et al.*, No. 4:15-cv-1639-SNLJ (E.D. Mo. Jan. 27, 2016); *Shaw v. Fite*, No. 4:17-cv-1545-SPM (E.D. Mo. Jul. 26, 2017); and *Shaw v. Fite, et al.*, No. 4:17-cv-2726-SNLJ (E.D. Mo. Dec. 27, 2017). In all three of those cases, plaintiff's claims arose from being charged and prosecuted for sexually abusing a child

identified as J.B.[1] Plaintiff subsequently filed two additional cases to bring claims arising from being charged and prosecuted for sexually abusing J.B.: *Shaw v. Fite, et al.*, No. 4:18-cv-1029 AGF (E.D. Mo. Aug. 2, 2018), and *Shaw v. Ulman, et al.,* No. 4:19-cv-3319-RLW (E.D. Mo. Jan. 2, 2020). In both cases, plaintiff sought leave to proceed *in forma pauperis*, and the Court denied such leave on the basis of 28 U.S.C. § 1915(g) and dismissed the cases without prejudice to the filing of a fully-paid complaint.

The case at bar is the sixth civil action plaintiff has filed in this Court to raise claims arising from being charged and prosecuted for sexually abusing J.B. It is the first civil action in which he has paid the full filing fee. Plaintiff sues the same four defendants he sued in *Shaw v. Ulman, et al.,* No. 4:19-cv-3319-RLW: Public Defender Marissa Ulman, Detective Julie Johnson, Prosecuting Attorney Amy Fite, and Judge Jimmie Edwards.[2] After filing the instant complaint and motion for leave to proceed *in forma pauperis*, plaintiff paid the full $402 filing fee. I will therefore deny the motion for leave to proceed *in forma pauperis* as moot, and will review the complaint in accordance with 28 U.S.C. § 1915A.

**Legal Standard**

---

[1] In *Shaw v. Johnson, et al.*, No. 4:15-cv-1639-SNLJ, plaintiff sued Detective Julie Johnson and others, claiming he lost his job as a result of being charged with having deviate sexual intercourse with J.B. in the Missouri State court criminal case *State of Missouri v. Shaw,* No. 1522-CR02738-01 (22nd Jud. Cir. 2015). There is no record of that Missouri State court action on Missouri Case.net, but in the instant complaint, plaintiff cites it and avers it was "Dismissed/Nolle Pros 05-Apr-2017" and he was "Reindicted." (ECF No. 1-1 at 2). Review of Missouri Case.net shows that in the matter *State v. Adrian Darcy Shaw,* No. 1722-CR01455-01 (22nd Jud. Cir. 2017), plaintiff was charged on April 6, 2017 with having deviate sexual intercourse with J.B. On August 17, 2017, a jury convicted plaintiff of statutory sodomy, and on October 6, 2017, plaintiff was sentenced to serve 16 years in prison. The Court takes judicial notice of these publicly-available records. *See Levy v. Ohl,* 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); *Stutzka v. McCarville*, 420 F.3d 757, 760 n. 2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

[2] Additionally, plaintiff sued Fite on three other prior occasions, and he sued Johnson on two other prior occasions.

Under 28 U.S.C. § 1915A, courts must conduct pre-service screening of a civil complaint "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915(A)(a). The term "prisoner" is defined as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law." 28 U.S.C. § 1915A(c). Plaintiff herein is a prisoner as defined in the statute, and he is suing officers or employees of governmental entities. The complaint is therefore subject to 28 U.S.C. § 1915A screening.

Pursuant to § 1915A, a district court must dismiss a complaint if it "is frivolous, malicious, or fails to state a claim upon which relief can be granted," or if it "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(A)(b). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court

3

should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff filed the complaint on February 10, 2021 pursuant to 42 U.S.C. § 1983 against Public Defender Marissa Ulman, Prosecuting Attorney Amy Fite, Detective Julie Johnson, and Judge Jimmie Edwards. Plaintiff sues each defendant in an official and individual capacity. Plaintiff indicates, and review of the record in *State of Missouri v. Adrian Darcy Shaw,* No. 1722-CR01455-01 shows, that Judge Edwards was the presiding judge in that matter and Fite served as the prosecuting attorney, and Ulman served as plaintiff's defense counsel. Plaintiff acknowledges his previous lawsuits, and writes: "It has been the same lawsuit over and over." (ECF No. 1 at 9). Plaintiff's claims and supporting allegations are as follows.

On July 8, 2015, Johnson subjected plaintiff to mental anguish by going to his workplace and telling his boss he "was only going in for questioning." *Id.* at 4. Plaintiff writes: "Ever[] since that day I have been incarcerated and never released not once. Even though the case no. 1522-CR2738-01 was dismissed, I feel s[i]nce that day Detective Julie Johnson has ruined my reputation by falsely accusing me of a crime." *Id.* Plaintiff further alleges that Johnson engaged in evidence tampering when she questioned him on July 8, 2015 because she recorded his polygraph

4

examination and thereby "erased all of my statements off the interviews which messed up the audio." (ECF No. 1-1 at 1).  Plaintiff does not explain how the erasure affected him.

Plaintiff identifies his claim against Ulman as a "malpractice claim." *Id.* He alleges that while serving as his defense counsel in case number 1722-CR01455-01, she "fail[ed] to object to the procedure of allowing the prosecutor to ask leading questions of State's witness Douglas Torrens during the State['s] Direct Examination of the witness," and told plaintiff not to testify even though "she knew [plaintiff's] testimony was the only testimony available to prove a defense that [plaintiff] was innocent instead [plaintiff] was convicted." *Id.*

In setting forth his claim against Fite, plaintiff writes: "At trial she made statements of changing the letter that the witness Douglas Torrens wrote against me which caused my conviction. States, And I think your plan was we would make a copy of it with any redactions so that they didn't get the original." *Id.* In setting forth his claim against Judge Edwards, plaintiff writes: "I feel everyone I have named has conspired against me because I should have never been incarcerated over a pair of torn shorts. The Court: And, then make the redaction and then copy the copy. So 14A will be provided to the jurors for its consideration. The remaining questions will be responded to as follows." *Id.*

In a section titled "Trial Transcript," plaintiff can be understood to quote portions of the transcript of his criminal trial. Plaintiff does not clearly explain why he included this material, but it is apparent that he believes it supports the conclusion that the defendants committed errors that caused him to be wrongfully prosecuted and convicted. Briefly, the material includes testimony that a post-polygraph interview and a statement that someone failed a polygraph examination was perhaps redacted; a statement describing pictures of a child; testimony about a potential cause of a particular symptom in a three-year-old child; Douglas Torrens's statement concerning a

5

confession and identification of handwriting; the Court's decision to permit leading questions of a witness on a topic; and a list of questions the jury asked.

Plaintiff also quotes statements between Fite and Ulman concerning admission of an exhibit and redactions thereof, and the Court's statement: "And, then, make the redactions and then copy the copy. So 14A will be provided to the jurors for its consideration. The remaining questions will be responded to as follows: The jurors will be guided by the evidence as it remembers." *Id.* at 5. Finally, plaintiff quotes a portion of testimony noting an objection to "the language saying—portion where he talks about telling the detective that he ripped them pulling her shorts up, pulling her shorts up," and the Court's determination to "require the redaction leaving in and the letter will be further redacted he told the detective so it will now read, 'and he ripped them pulling them up before the kid crawled up to grandma.' [A]nd that will be the ruling of the court." *Id.*

Plaintiff claims he was wrongfully prosecuted, and has therefore suffered psychological stress and damage to his reputation. He writes: "I believe through all the stress and anxiety concerning the reality and nature of what has been done to me [*sic*]. For punitive damages I feel I am entitled to $30 million in damages." (ECF No. 1 at 5).

## Discussion

Plaintiff seeks damages from all four defendants for engaging in conduct that caused him to be wrongfully prosecuted and wrongfully convicted in the matter *State of Missouri v. Adrian Darcy Shaw,* No. 1722-CR01455-01. Judgment for plaintiff on such claims would necessarily imply the invalidity of his conviction and sentence, and his continued incarceration. In *Heck v. Humphrey*, the Supreme Court considered a claim brought by a prison inmate against state officials

under § 1983, alleging misconduct in the investigation and prosecution of the inmate's criminal case. 512 U.S. 477 (1994). The Court held:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Heck*, 512 U.S. at 486–87 (footnote omitted). Here, plaintiff has not demonstrated that his conviction has been reversed, expunged, or otherwise declared invalid or called into question. Therefore, to the extent plaintiff seeks damages against any defendant for causing him to be wrongfully prosecuted, convicted, and imprisoned, his claims are barred by the doctrine established in *Heck,* and the complaint is subject to dismissal pursuant to 28 U.S.C. § 1915A.

The complaint is subject to dismissal for other reasons as well. I first address plaintiff's claims against Ulman. To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Attorneys, whether appointed or retained, do not act under color of state law when performing traditional functions as counsel. *See Polk County v. Dodson*, 454 U.S. 312 (1981) (public defender does not act under color of state law when performing traditional functions as counsel); *see also DuBose v. Kelly*, 187 F.3d 999 (8th Cir.1999).

Here, plaintiff claims Ulman made mistakes and bad decisions while serving as his defense counsel during state court criminal proceedings. Plaintiff alleges nothing tending to suggest that any of Ulman's allegedly wrongful actions fell outside the scope of the traditional functions of

7

counsel. Accordingly, Ulman was not acting under color of state law. Plaintiff therefore cannot state a § 1983 claim against Ulman because he is missing an essential element of such a claim.

I now address plaintiff's claims against Judge Edwards. Plaintiff sues Judge Edwards in his official and individual capacity. An official capacity claim against a public official is actually a claim against the governmental entity that employs him. *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017), *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). In the complaint, plaintiff identifies Judge Edwards's employer as the St. Louis City Circuit Court. To the extent plaintiff can be understood to attempt to assert a municipal liability claim against the City of St. Louis, such claim fails. Plaintiff challenges a ruling Judge Edwards made during trial, and he offers his own unsupported belief that "everyone" conspired against him. Such allegations are entirely inadequate to state a municipal liability claim. *See Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming the district court's dismissal of a *Monell*[3] claim where the plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights).

To the extent plaintiff can be understood to attempt to sue the State of Missouri by naming Judge Edwards in his official capacity, his claim fails for two reasons. First, 42 U.S.C. § 1983 provides for "a cause of action against persons only." *See Deretich v. Office of Admin. Hearings,* 798 F.2d 1147, 1154 (8th Cir. 1986). However, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

Second, plaintiff's official capacity claim would be barred by the doctrine of sovereign immunity. "The Eleventh Amendment protects States and their arms and instrumentalities from

---

[3] *Monell v. Dept. of Social Services of City of New York,* 436 U.S. 658, 690-91 (1978).

8

suit in federal court." *Webb v. City of Maplewood*, 889 F.3d 483, 485 (8th Cir. 2018); *see also Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618-19 (8th Cir. 1995) ("Generally, in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment"). There are two "well-established exceptions" to Eleventh Amendment immunity. *Barnes v. State of Missouri*, 960 F.2d 63, 64 (8th Cir. 1992). The first exception exists "where Congress has statutorily abrogated such immunity by 'clear and unmistakable language.'" *Id*. The second exception exists where a State waives its immunity, but "only where stated by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction." *Id.* at 65. Neither exception applies here because § 1983 does not abrogate a state's sovereign immunity, *see Will*, 491 U.S. at 66, and plaintiff does not aver, nor is it apparent, that the State of Missouri has waived its sovereign immunity in this type of case. *See* Mo. Rev. Stat. § 537.600 (explaining that sovereign immunity is in effect and providing exceptions). Therefore, the complaint fails to state an official capacity claim against Judge Edwards.

Judge Edwards is immune from plaintiff's individual capacity claim. Because judges should be free to act upon their own convictions, they are protected by judicial immunity. *Hamilton v. City of Hayti, Missouri*, 948 F.3d 921, 925 (8th Cir. 2020). "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). This immunity applies even when the judge is accused of acting maliciously or corruptly. *Pierson v. Ray*, 386 U.S. 547, 554 (1967). *See also Woodworth v. Hulshof*, 891 F.3d 1083, 1090 (8th Cir. 2018) (stating that "judicial immunity is not overcome by allegations of bad faith or malice"). Moreover, "a judge will not be deprived of his

9

immunity because the action he took was in error or was in excess of his authority." *Justice Network, Inc. v. Craighead Cty.*, 931 F.3d 753, 760 (8th Cir. 2019).

A judge's immunity from § 1983 actions bars a plaintiff's recovery in all but two narrow sets of circumstances. *Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012). First, a judge does not have immunity for non-judicial actions. *Duty v. City of Springdale, Ark.*, 42 F.3d 460, 462 (8th Cir. 1994). "An act is a judicial act if it is one normally performed by a judge and if the complaining party is dealing with the judge in his judicial capacity." *Birch v. Mazander*, 678 F.2d 754, 756 (8th Cir. 1982). *See Justice Network, Inc.*, 931 F.3d at 760 (stating "that to determine whether an act is judicial, courts look to the particular act's relation to the general function normally performed by a judge"). Second, a judge is not immune from lawsuits based on actions taken in the complete absence of jurisdiction. *Duty*, 42 F.3d at 462. In the context of judicial immunity, however, the scope of the judge's jurisdiction is construed broadly. *Justice Network, Inc.*, 931 F.3d at 762.

In this case, plaintiff is not accusing Judge Edwards of taking non-judicial action. To the contrary, plaintiff claims Judge Edwards committed wrongdoing in the course of serving as the presiding judge during his State court criminal proceedings, actions that are clearly judicial in nature. Plaintiff was a criminal defendant in a case over which Judge Edwards presided, and therefore dealt with Judge Edwards in his judicial capacity.  Finally, plaintiff does not allege, nor is it apparent, that Judge Edwards took any action in the absence of jurisdiction. Because Judge Edwards's allegedly wrongful acts were done within his judicial capacity and with proper jurisdiction, he is absolutely immune from suit.

I now address plaintiff's claims against Fite. Plaintiff sues Fite in her official and individual capacity. He can be understood to identify Fite's employer as the Christian County Prosecuting Attorney's Office, and he alleges Fite engaged in misconduct in the course of pursuing a criminal

10

prosecution and representing the State of Missouri during plaintiff's criminal trial. The complaint would not state a municipal liability claim against Christian County because it contains no facts that would demonstrate the existence of a county policy or custom that caused the alleged deprivation of plaintiff's rights. *See Ulrich*, 715 F.3d at 1061. Additionally, to the extent plaintiff can be understood to sue the State of Missouri, such claim would fail because, for the reasons explained above, Fite would not be considered a "person" subject to suit under § 1983, and the State would enjoy sovereign immunity. The complaint therefore fails to state an official capacity claim against Fite.

Fite is immune from plaintiff's individual capacity claim.[4] Absolute immunity protects prosecutors against claims arising from their initiation of a prosecution and presenting a criminal case. *Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976) (prosecutors are absolutely immune from civil rights claims based on actions taken while initiating and pursuing a criminal prosecution); *see also Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996) ("Absolute immunity covers prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process"); *Sample v. City of Woodbury*, 836 F.3d 913, 916 (8th Cir. 2016) (same).

In this case, plaintiff claims against Fite are based entirely upon her presentation of the State's case at trial and her pursuit of a criminal prosecution. Fite is therefore immune from suit. *See Imbler*, 424 U.S. at 430-31. To the extent plaintiff can be understood to allege Fite acted with improper motivation, such allegations do not save his claims. *See id.* at 427-28.

---

[4] In *Shaw v. Fite,* No. 4:17-cv-1545-SPM, plaintiff claimed Fite engaged in unconstitutional conduct in the scope of initiating and pursuing a criminal prosecution, and he alleged she had an improper motivation for doing so. In dismissing the complaint, the Court determined Fite was shielded by prosecutorial immunity, and plaintiff's allegations of improper motivation did not save his claims.

I now address plaintiff's claims against Johnson. Plaintiff sues Johnson in her official and individual capacity, and he can be understood to identify her employer as the St. Louis Metropolitan Police Department. However, municipal departments such as police departments are not suable entities under § 1983. *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (1992). Even if plaintiff had named the City of St. Louis as a defendant, the complaint would not state a municipal liability claim against the city because it contains no facts that would demonstrate the existence of a city policy or custom that caused the alleged deprivation of plaintiff's rights. *See Ulrich*, 715 F.3d at 1061.

The complaint also fails to state a claim against Johnson in her individual capacity. Plaintiff alleges that on July 8, 2015, Johnson falsely accused him of a crime when she went to his workplace and told his boss he was only going in for questioning. He alleges he was not released from custody afterwards, and Johnson tampered with evidence when she erased over unspecified statements while recording his polygraph examination. While plaintiff cites the Missouri State court criminal case that was dismissed, he clearly claims Johnson is liable to him for wrongfully accusing him of the crime of which he was ultimately convicted.

Plaintiff obviously believes Johnson was wrong to question him and accuse him of committing a crime. However, he makes no attempt to allege Johnson arrested him without a warrant or without probable cause, as necessary to state a plausible Fourth Amendment claim. He also fails to show how Johnson's alleged "evidence tampering" infringed upon any of his federally-protected rights. The complaint simply fails to allege facts that would state a plausible claim against Johnson. At best, it contains the "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements" that the Supreme Court has found deficient, *Iqbal*, 556 U.S. at 678, and that this Court is not required to presume

true. *See Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017) ("Courts are not bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level.").

For all of the foregoing reasons, the complaint is frivolous and/or fails to state a claim upon which relief may be granted against any named defendant. As set forth above, this is the sixth civil action plaintiff has filed to raise claims arising from being charged and prosecuted for sexually abusing J.B. Plaintiff is clear about the defendants he intends to sue, and clear enough about the claims he wishes to bring, that there is no reason to believe the problems with the complaint could be cured by amendment. I will therefore dismiss this action at this time pursuant to 28 U.S.C. § 1915A.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 3) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (ECF No. 2) is **DENIED** as moot.

Dated this 2nd day of June, 2021.

                                              CATHERINE D. PERRY
                                              UNITED STATES DISTRICT JUDGE